Thomson, J.
On the 12th day of September, 1896, H. M. Sykes and others brought their action against the Antlers Land & Res *202 ervoir Company, setting forth certain rights which they claimed in connection with the property possessed by the company; charging mismanagement and fraudulent practice on the part of the company, whereby their rights were endangered and they were otherwise threatened with serious injury; and praying a decree adjusting and protecting their rights, and the appointment of a receiver to take charge of the property pending the litigation. J. H. Fesler was appointed receiver in accordance with the prayer. The answer put in issue the allegations of the complaint. On the 15th day of December, 1896, a hearing was had, and a decree entered, adjudging to the plaintiffs the relief prayed, discharging the receiver, ordering him to file his report within twenty days, and awarding to the plaintiffs a judgment for costs. On the 12th day of January, 1897, the receiver filed his report. The report was quite general in its nature, and although the abstract does not show that it was objected to for that reason, the court gave the receiver leave to amend it, which he did. The amended report was the same as the original,' but more specific. The report showed expenses incurred by the receiver in the execution of his trust, amounting to $465.54. Objections to the report were overruled, and upon an investigation of the matters and things which it contained, a judgment was rendered in the receiver’s favor against the defendant for the amount claimed.
The abstract of the record contains nothing to show that there was error in the rendition of the decree in the main case. It sets forth the pleadings and decree, but it exhibits none of the evidence, and none of the intermediate proceedings. The correctness of the decree is therefore presumed.
It was irregular to enter a judgment in the receiver’s favor. He was not a party to the suit. He was an officer of the court, subject to the orders of the court, and had no personal interest in the litigation. The proper practice would have been to allow the sum to which he showed himself entitled, and tax it as costs. But in the main case the costs were adjudged against the defendant, and by taxing the expenses as *203 costs there would have been judgment for the amount, so that, practically, the result would have been the same that it is; and if this irregularity were the only ground of complaint, we would not feel justified in remanding the case. At the hearing upon the receiver’s report, the defendant offered evidence, which, so far as we can see, would have been proper at the original hearing. The evidence was refused. The hearing of the report was subsequent to the trial and the decree which followed; the proposed evidence was irrelevant to any question which did or could arise upon the report; it came too late to have any effect upon the main case, and the court was right in excluding it. Some other proposed evidence seems to have been rejected, but it is so indefinitely and imperfectly presented by the abstract that we are unable to say whether it should have been received or not.
We are, however, under the necessity of ordering the receiver’s judgment vacated. It appears that Fesler employed a Mr. Donnell to take charge of the property which came to him as receiver. A part of the expenses claimed in his report was for services of Donnell. The latter testified that work done by him on the Lower Cactus Yalley ditch was included in the report. This ditch did not belong to the defendant. An inference may be deduced from the evidence that this ditch was in some way related to the defendant’s ditch, and that there was some sort of responsibility resting upon the defendant on account of it. But the inference is too unsubr stantial to sustain a presumption, and the defendant has not seen fit to lend us any aid in clearing up the obscurity. On the face of the evidence, as the abstract presents it, expenses were included in the report with which the defendant was not chargeable, and the judgment was for too much.
The decree is affirmed and the cause remanded with instructions to the district court to vacate the judgment in favor of the receiver, ascertain the true amount to which he is entitled, allow that amount, and tax it as costs against the defendant.

Remanded.